**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000031**
**15-FEB-2018**
**10:05 AM**

NO. CAAP-17-0000031

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STONECREST ACQUISITIONS, LLC, Plaintiff-Appellee,
vs.
MICHELE C. RUNDGREN, Defendant-Appellant,
and
REX ORION RUNDGREN aka TODD RUNDGREN and DAN BRIGGS,
Defendants-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-10; DOE "NON-PROFIT" CORPORATIONS 1-10;
DOE ASSOCIATIONS 1-10; DOE GOVERNMENTAL ENTITIES 1-10,
Defendants.

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5RC-16-1-0424)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record in this appeal and the
Hawai'i State Judiciary's Ho'ohiki database for the underlying
case in Civil No. 5RC 16-1-0424, it appears that Defendant-
Appellant Michele C. Rundgren (Rundgren) appeals from the
Honorable Joseph Kobayashi's December 21, 2016 order granting
Plaintiff-Appellee Stonecrest Acquisitions, LLC's (Stonecrest
Acquisitions) motion for summary judgment, but we lack appellate
jurisdiction because the December 21, 2016 order is not an

appealable final order that ended the proceedings in the underlying case.

Pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (2016),

> appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. <u>In district court cases</u>, a judgment includes any order from which an appeal lies. <u>See</u> District Court Rules of Civil Procedure (DCRCP) Rule 54(a) (1996). <u>A final order means an order ending the proceeding, leaving nothing further to be accomplished</u>. . . . When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

<u>Casumpang v. ILWU, Local 142</u>, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added). The Supreme Court of Hawai'i

> has promulgated separate rules governing civil procedure in the district courts . . . . DCRCP Rule 58 (1996), in contrast to HRCP Rule 58, does not by its plain language require that judgment be set forth on a "separate document." Thus, the requirements set forth in <u>Jenkins [v. Cades Schutte Fleming & Wright</u>, 76 Hawaii 115, 869 P.2d 1334 (1994)], are not applicable to district court cases. Consequently, an order that fully disposes of an action in the district court may be final and appealable without the entry of judgment on a separate document, as long as the appealed order ends the litigation by fully deciding the rights and liabilities of all parties and leaves nothing further to be adjudicated.

<u>Id.</u> at 427, 984 P.2d at 1253 (footnote and citation omitted).

When Rundgren filed her January 20, 2017 notice of appeal, the district court already resolved most, but not all, of the substantive issues in the underlying case by way of

- a December 7, 2016 judgment for possession,[1] and
- the December 21, 2016 summary judgment order.

The only remaining substantive issue was whether Stonecrest Acquisitions was entitled to an award of money damages as a result of Rundgren's liability for trespass, which the district

---

[1] Although an aggrieved party is entitled to an "immediate appeal of the judgment for possession under the <u>Forgay</u> doctrine[,]" the aggrieved party is also entitled to "await final resolution of all claims in the case before challenging the judgment for possession." <u>Ciesla v. Reddish</u>, 78 Hawai'i 18, 21, 889 P.2d 702, 705 (1995).

court retained for subsequent determination. The December 21, 2016 partial summary judgment order adjudicated the issue of liability as to trespass without resolving whether Stonecrest Acquisitions was entitled to a corresponding award of money damages, and the district court retained the case for further action on that issue. Therefore, the December 21, 2016 summary judgment order does not qualify as an appealable final order under HRS § 641-1(a) and Casumpang, and Rundgren's January 20, 2017 notice of appeal is premature.

Rule 4(a)(2) of the Hawai'i Rules of Appellate Procedure (HRAP) authorizes a premature notice of appeal, but only "[i]f a notice of appeal is filed after announcement of a decision but before entry of the judgment or order[.]" (Emphasis added).

Here, Rundgren filed her January 20, 2017 notice of appeal before the district court announced its final decision on money damages. The Judiciary's Ho'ohiki database indicates that Stonecrest Acquisitions filed a motion for summary judgment on the issue of money damages for trespass five months later, on May 24, 2017, resulting in the district court's final order granting the motion on July 18, 2017. Rundgren's January 20, 2017 notice of appeal could not apply to the July 18, 2017 final order on money damages under HRAP Rule 4(a)(2). Grattafiori v. State, 79 Hawai'i 10, 14, 897 P.2d 937, 941 (1995).

Based on the above, we lack appellate jurisdiction in this appeal.

//

//

//

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed.

DATED: Honolulu, Hawai'i, February 15, 2018.

Presiding Judge

Associate Judge

Associate Judge